UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE DOE,

            Petitioner,

v.                                Case No. 19-CV-1527

TONY GONZALEZ, ET. AL,

            Respondents.

## RULE 4 SCREENING AND ORDER ON MOTION TO FILE UNDER SEAL AND MOTION TO PROCEED UNDER PSEUDONYM "JANE DOE"

**1. Rule 4 Screening**

Although Jane Doe's petition seeks other forms of relief, at this preliminary stage the court is concerned only with her petition for habeas relief. Jane Doe is incarcerated at the Kenosha Country Detention Center in the custody of Immigration and Customs Enforcement. (ECF No. 1, ¶ 8.) She has been detained for two years. (*Id.*, ¶ 47.) On August 15, 2018, an immigration judge ordered Jane Doe removed and denied her a waiver of inadmissibility. (*Id.*, ¶ 34.) On appeal, the Board of Immigration Appeals (BIA) reversed and "grant[ed] her a waiver of inadmissibility under section 212(d)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(3)." (*Id.*, ¶ 35.)

However, "[t]he BIA dismissed [her] appeal of the denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture." (ECF No. 1, ¶ 37.) Jane Doe then appealed to the United States Court of Appeals for the Seventh Circuit, which granted "a stay of removal during the pendency of her appeal." (*Id.*, ¶ 39.) The Seventh Circuit then remanded her case to the BIA. (*Id.*, ¶ 45.) In its order, the Seventh Circuit stated, "Pursuant to 8 C.F.R. § 1003.6(a), the Petitioner's removal 'shall not be executed' while her case is pending before the Board." (*Id.*)

Jane Doe has an application for a U-visa pending.[1] (ECF No. 1, ¶ 31.) She also has an unadjudicated application for humanitarian parole pending with ICE. (*Id.*, ¶ 46.) On October 16, 2019, Jane Doe filed a petition for a writ of habeas corpus and also requested other relief.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Case and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a

---

[1] "In October 2000, Congress created the U-visa through the passage of the Victims of Trafficking and Violence Protection Act of 2000 ("the Act"), Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), codified at inter alia, 8 U.S.C. § 1101(a)(15)(U). The Act created a new nonimmigrant visa classification that permits immigrants who are victims of serious crimes and who assist law enforcement to apply for and receive a non-immigrant visa called a U-visa. *Id.* The U-visa provides legal status to petitioners and qualifying family members to apply for work authorization and remain in the United States. *Id*. In order to qualify, the Department of Homeland Security must determine that: (1) the petitioner 'suffered substantial physical or mental abuse as a result of having been a victim of criminal activity'; (2) the petitioner 'possesses information concerning [the] criminal activity'; (3) the petitioner has been, is, or is likely to be helpful to government officials regarding the criminal activity; and, (4) the criminal activity at issue occurred in or violated the laws of the United States. 8 U.S.C. § 1101(a)(15)(U)(i)(I-IV)." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 274 (7th Cir. 2017).

writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed the petition, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. Accordingly, the court must order the respondent to show cause why the writ of habeas corpus should not be granted. The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General. The respondents shall answer or otherwise respond to this action within **30 days** of the date of this order.

2. **Motion to Seal and Motion to Proceed Under Pseudonym**

Finding good cause, the court also grants Jane Doe's motions to file under seal (ECF No. 4) and to proceed under pseudonym (ECF No. 6).

3. **Filing Fee**

Jane Doe paid the $5.00 filing fee applicable for a writ of habeas corpus. However, her petition includes requests for relief in addition to release from custody. To the extent Jane Doe is requesting relief beyond a writ of habeas corpus, she should file those claims in a separate action and pay the full $350.00 filing fee and the $50.00 administrative fee applicable to civil actions.

3

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 11th day of December, 2019.

										WILLIAM E. DUFFIN
										U.S. Magistrate Judge